**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| YUN GAO et al,<br><br>Petitioners,<br><br>v.<br><br>THOMAS P. GILES et al.,<br><br>Respondents. | Case No. 8:26-cv-02449-DFM<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE |

## I. INTRODUCTION

Petitioners Yun Gao and Yong Yang filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging the imposition of body-worn GPS ankle monitors. See Dkt. 1 ("Petition"). Respondents filed a two-paragraph Answer, stating that they "are not presenting an opposition argument at this time" and requesting that if the Court issue an order requiring action by Respondents, "that the Court not require the filing of any Status Report or Notice of Compliance in this case because Petitioners are represented by counsel." Dkt. 9 ("Answer"). Petitioner filed nothing further, and the Petition stands submitted.

For the reasons set forth below, the Court **DISMISSES** the Petition without prejudice.

## II. BACKGROUND

Petitioners are husband and wife citizens of China. See Petition ¶¶ 1, 15-16. Petitioners were lawfully admitted to the United States as conditional lawful permanent residents on December 6, 2014. See id. ¶ 2. Gao was the principal investor on a Form I-526 immigrant investor petition; Yang obtained status as her spouse. See id. ¶¶ 2, 26. Petitioners have lived in the United States for more than eleven years; are raising children, including United States citizen children, in Orange County; and have appeared for their Immigration Court hearings and appointments. See id. ¶¶ 2, 42-43. Neither has ever been arrested by a police department, charged with a criminal offense, or convicted of a crime. See id. ¶¶ 2, 45.

Petitioners' removal proceedings concern the denial of Gao's Form I-829 petition to remove conditions on residence, which affects Mr. Yang as her derivative spouse. See id. ¶¶ 2, 30.[1] Petitioners' next individual hearing is scheduled for September 16, 2026 before the Santa Ana Immigration Court. See id. ¶ 30.

On July 29, 2026, U.S. Immigration and Customs Enforcement ("ICE") issued Mr. Yang an Order of Release on Recognizance ("OREC") and caused a GPS device to be attached to his ankle the next day. See id. ¶¶ 3, 36; id., Ex. A. On July 30, 2026, ICE issued Ms. Gao an OREC and caused a GPS device to be attached to her ankle the next day. See id. ¶¶ 3, 38; id., Ex. B. Petitioners allege that the conditions were imposed without a neutral hearing and without any meaningful individualized explanation why continuous body-worn location monitoring was necessary for either Petitioner. See id. ¶¶ 3, 37, 39. Petitioners allege various adverse impacts from the monitors, including pain, discomfort, sleep disruption, interruption of ordinary activities including

[1] The Petition does not disclose when Gao's I-829 petition was denied.

swimming lessons with Petitioners' children, disruption with Petitioner Mr. Yang's work as a self-employed Uber delivery driver due to stigma-related concerns, and entries in the FBI's Identity History Summary database reflecting prior arrest data. See id. ¶¶ 4, 32-33, 45-46, 48-54; id., Exs. E-F. Petitioners allege that the devices have experienced signal or battery issues, and Petitioners fear that equipment failure outside their control could be mistaken for noncompliance. See id. ¶ 54.

Petitioners challenge the restraints on their liberty under the Fifth Amendment Due Process Clause (substantive and procedural due process), the Administrative Procedure Act, and the Accardi doctrine. See id. ¶¶ 68-95. Petitioners seek a writ directing Respondents to promptly remove the monitors and discontinue body-worn GPS monitoring, while permitting reasonable non-body worn supervision. See id. ¶ 7; id. at 20-21. Petitioners also request the Court enter permanent, prospective injunctive relief concerning the re-imposition of body-worn GPS monitoring absent advance notice and a prompt individualized hearing, and order Respondents to take all steps within their authority necessary to correct, withdraw, or cause the removal of the FBI Identity History Summary arrest entries. See id. at 20-21. In the alternative to immediate removal, Petitioners seek a prompt hearing before a neutral decisionmaker at which the Government must justify continued body-worn GPS monitoring based on individualized evidence of flight risk or danger. See id. Petitioners also request their costs and reasonable attorney's fees. See id.

## III. DISCUSSION

### A. Petitioners May Not Satisfy the "In Custody" Requirement

A federal court may grant a writ of habeas corpus to a petitioner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas jurisdiction extends to noncitizens

challenging the lawfulness of their immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001).

The statute's "in custody" requirement extends to substantial restraints on liberty not shared by the public generally. See Jones v. Cunningham, 371 U.S. 236, 240 (1963) ("History, usage, and precedent can leave no doubt that, besides physical imprisonment, there are other restraints on a [person's] liberty, restraints not shared by the public generally, which have been thought sufficient in the English-speaking world to support the issuance of habeas corpus."); Maleng v. Cook, 490 U.S. 488, 491-92 (1989).

Certainly, the imposition of a GPS ankle is not a restraint shared by the general public. But the Court must look at the specific conditions imposed on the specific petitioner, "and ask whether they are sufficiently 'severe' and 'immediate' to make [the petitioner's] supervision a 'genuine restraint on liberty.'" Munoz v. Smith, 17 F.4th 1237, 1244 (9th Cir. 2021) (citation omitted).

In Munoz, the Ninth Circuit had "little difficulty" concluding that a § 2254 petitioner's electronic monitoring requirements imposed per Nevada's sex offender supervision requirements did not satisfy the "in custody" requirement where the monitoring allowed tracking, but did not limit petitioner's physical movement, nor require him to go anywhere. See id. at 1245; see also Nguyen v. Warden, No. 26-01477, 2026 WL 1045563, at *2 (C.D. Cal. Apr. 13, 2026) (declining to address the conditions of petitioner's supervision upon release because "an ankle monitor does not cause Petitioner to be 'in custody' for the purposes of habeas," citing Munoz). But as Petitioner notes, other courts in this District have recognized that intensive immigration supervision can satisfy § 2241's "in custody" requirement. See, e.g., Sun v. Santacruz, No. 25-2198, 2025 WL 2730235, at *3 (C.D. Cal. Aug. 26, 2025) (concerning requirements including reporting to in-person check-ins, informing ICE before traveling

outside California for more than 48 hours, and providing ICE written information of any change in address or employment 48 hours prior to any such change, with a violation subjecting the petitioner to being taken into physical custody and criminally prosecuted); Sanchez Arcos v. Semaia, No. 26-01975, 2026 WL 1771048, at *5 (C.D. Cal. June 17, 2026) (concluding that post-release conditions, including GPS ankle monitoring, violated the terms of a preliminary injunction and the petitioner's due process rights)).

Although the Court is skeptical that the imposition of an ankle monitor would satisfy the "in custody" requirement, it need not resolve this issue because it finds below that Petitioners have not exhausted their administrative remedies.

## B. Petitioners Have Not Exhausted Their Administrative Remedies

A petitioner "must exhaust administrative remedies before raising . . . constitutional claims in a habeas petition when those claims are reviewable by the BIA on appeal." Leonardo v. Crawford, 646 F.3d 1157, 1159-60 (9th Cir. 2011) (quoting Rojas-Garcia v. Ashcroft, 339 F.3d 814, 819 (9th Cir. 2003)). The key is to distinguish the procedural errors, constitutional or otherwise, that are correctable by the administrative tribunal from those that lie outside the BIA's ken." Liu v. Waters, 55 F.3d 421, 426 (9th Cir. 1995). When a petitioner does not exhaust this prudential remedy, "a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." Leonardo, 646 F.3d at 1160.

Petitioners' counsel submitted written requests asking ICE to remove the ankle monitors and substitute a less restrictive method; ICE did not respond to those requests before Petitioners prepared their motions to the Immigration

Court.[2] See Petition ¶ 21; id., Ex. C. Petitioners timely filed motions under 8 C.F.R. § 1236.1(d)(1) asking the Immigration Judge ("IJ") to modify the terms of release and remove the body-worn GPS monitors. See id. ¶¶ 22, 61. On August 6, 2026, the IJ denied the motion, stating: "[t]he Court lacks the authority to order the removal of the GPS ankle monitor, which is administered and monitored by ICE." Id. ¶¶ 22, 62; id., Ex. D. Petitioners argue that the IJ's jurisdictional rationale is contrary to controlling Board of Immigration Appeals ("BIA") precedent. See id. ¶ 23. The IJ's order does not indicate whether the parties reserved appeal, nor does it include an appeal deadline. See id., Ex. D. Nothing in the record shows that Petitioners have appealed to the BIA.

### C. The *Puga* Factors Favor Requiring Exhaustion

Petitioners argue that "[t]o the extent Respondents contend that an appeal to the [BIA] or any additional administrative step is required, exhaustion should be excused." Id., ¶ 24. Petitioners bear the burden of establishing exhaustion or grounds for excusing it, see Leonardo, 646 F.3d at 1161, and they have not met their burden.

Exhaustion is prudential rather than statutory, and a court has discretion to excuse it. See Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (citing Laing v. Ashcroft, 370 F.3d 994, 997 (9th Cir. 2004)). Courts may require prudential exhaustion where "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial

[2] To the extent ICE responded after Petitioners prepared and/or filed their motions with Immigration Court, the record does not include such response(s).

review." Id. (citation omitted). Here, excusing exhaustion where a petitioner declines to file a BIA appeal and instead turns to the district court would encourage bypass of the administrative scheme. Additionally, administrative review could eliminate the need for federal adjudication altogether. If the BIA concludes that the IJ's ruling defied its own precedent, it may sustain the appeal or remand for further proceedings, which is substantially the relief Petitioners request.[3]

## D. Petitioners Have Not Shown Grounds for Excusing Exhaustion

Exhaustion may be excused where "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." Laing, 370 F.3d at 1000 (citation omitted).

Petitioners argue that exhaustion should be excused because they challenge restraints that operate continuously and cause daily injury; the IJ has already declined to exercise the regulatory authority that could have provided immediate relief; further delay would prolong the challenged restraints; and the administrative process has not provided a timely means to test the necessity of the ongoing restraints where Petitioners' immigration hearing is scheduled for September 16, 2026, with no earlier date available. See Petition ¶¶ 24, 64.

On this record, the Court is unable to find that Petitioners have established futility. The record indicates that Petitioners have not appealed to the BIA, and Petitioners identify no policy, practice, or decision suggesting that the outcome of the appeal is preordained or otherwise explained why they have not done so. Though the Court acknowledges Petitioner's impending

[3] The fact that Respondents have not opposed this Petition does little to alter the Court's analysis. Respondents' choice to deploy their finite resources elsewhere does not furnish a basis for this Court to exercise its discretion differently under Puga.

hearing date, Petitioners have not explained how the immigration hearing may or may not affect the conditions at issue in the Petition.

Nor have Petitioners shown grounds for excusing exhaustion on account of irreparable injury. If restraints on liberty alone were sufficient to excuse exhaustion, every petitioner who could satisfy the "in custody" requirement would be able to demonstrate exhaustion, rendering Leonardo and the prudential exhaustion scheme essentially meaningless. Moreover, unlike many other immigration habeas petitioners, including many petitioners where Court has dismissed their petition on exhaustion grounds, Petitioners do not challenge custody in a detention facility.[4]

### E. Attorney's Fees

Petitioners request costs and reasonable attorney's fees. Because the Petition is dismissed without prejudice and Petitioners obtain no relief on it, they are not prevailing parties, and the request is denied.

## IV. ORDER

The Petition is **DISMISSED** without prejudice. Petitioners' request for costs and fees is **DENIED**.

Date: September 22, 2026

DOUGLAS F. McCORMICK
United States Magistrate Judge

---

[4] See, e.g., Aishan v. Mullin, No. 26-04523, 2026 WL 2666862 (C.D. Cal. Sept. 9, 2026) (denying habeas petition brought by petitioner who is detained in immigration custody based on petitioner's failure to exhaust his administrative remedies).